IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WHAM-O HOLDING, LTD. and INTERSPORT CORP. d/b/a WHAM-O,<br><br>   Plaintiff,<br><br>v.<br><br>THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED IN SCHEDULE A HERETO,<br><br>   Defendants. | Case No.: 1:24-cv-12523<br><br>District Judge Georgia N. Alexakis<br><br>Magistrate Judge Beth W. Jantz |

**PLAINTIFF'S MEMORANDUM REGARDING JOINDER OF
DEFENDANTS IN AMENDED SCHEDULE A**

Pursuant to the Court's Minute Order [Dkt. 7], Plaintiffs Wham-O Holding, Ltd. and Intersport Corp. d/b/a Wham-O (collectively, "Wham-O" or "Plaintiff") submits this Memorandum Regarding Joinder of the Defendants in Amended Schedule A.

**I.  Background**

Plaintiff initiated the present action against anonymous online storefronts using counterfeit versions of Plaintiff's federally registered FRISBEE and ULTIMATE trademarks to sell infringing flying disks. Dkt. 1. The original complaint and original Schedule A identified four trademark registrations and 98 storefronts. Dkt. 1, ¶ 7; Dkt. 3. On December 9, 2024, this Court *sua sponte* raised the propriety of joining 98 defendants and granted leave to file an amended complaint with a smaller subset of defendants. Dkt. 7.

1

4937-8363-9301.1

Pursuant to the Court's minute order, Plaintiff has concurrently filed a First Amended Complaint. Dkt. 11. The Amended Complaint identifies only one trademark, rather than four trademarks, namely, Plaintiff's U.S. Reg. Nos. 3,410,998 for ULTIMATE. The Amended Complaint and Amended Schedule A names 61 storefronts compared to the 98 storefronts listed in original Schedule A. Dkt. 3, 12.[1]

As shown in the comparison chart attached as Ex. 1 (based on screenshots of the marketplace product listings), each of the storefronts offer effectively identical products. *See* Werber Decl. Ex. 1. For starters, each infringing product includes an identical white disc with a solid radial band prominently featuring a counterfeit copy of Plaintiff's ULTIMATE trademark along the radial band. Further, the radial band in each infringing product includes precisely the same string of 7 words. *See* Werber Decl. Ex. 1. Besides the colors used, the only variation among the infringing products is the decal design inside the center of each disk.

Further, as shown in the product listing printouts attached as Exhibit 2, several of the storefronts offer multiple variations under the same SKU indicating that all variations may originate from a common source. For example, certain storefronts offer the same product/SKU in different patterns common to other storefronts. *See, e.g.,* Ex. 2 at sellers 24 and 42.[2]

## II. Analysis

### A. This Court Has the Power to Permit Joinder

The 61 storefronts identified in Amended Schedule A are properly joined as Defendants in this matter. Pursuant to the Federal Rules of Civil Procedure, defendants may be joined if:

---

[1] The responsible actors in Schedule A cases (who are generally unknown) frequently operate multiple storefronts. Thus, while Amended Schedule A lists 61 different storefront names, there may be far fewer actual defendant entities.

[2] For the Court's convenience, Plaintiff added bookmarks to Exhibit 2 for easier navigation.

4937-8363-9301.1

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the action.

FED. R. CIV. P. 20(a)(2).

The Seventh Circuit "has not directly addressed the meaning of 'same transaction or occurrence'" in Rule 20. *Papachristos v. Hilton Mgmt., LLC*, No. 14 CV 5501, 2015 U.S. Dist. LEXIS 28708, at *7 (N.D. Ill. Mar. 10, 2015). As a result, "the Court has 'considerable discretion' and 'flexibility' in determining whether the plaintiff has plausibly alleged such a relationship." *Bose Corp. v. P'ships & Unincorporated Ass'ns Identified on Schedule "A"*, 334 F.R.D. 511, 513 (N.D. Ill. 2020) (quoting *UWM Student Ass'n v. Lovell*, 888 F.3d 854, 863 (7th Cir. 2018)); *Estee Lauder Cosmetics Ltd. v. Schedule A*, 334 F.R.D. 182, 185 (N.D. Ill. 2020) (declining to permit joinder while recognizing discretion under Rule 20).

## B. Joinder is Proper in This Case

For reasons provided below, joinder of *the* storefronts in Amended Schedule A is proper under Rule 20.

### 1. The Requirements of Rule 20(a)(2) Are Present

Joinder is proper under Rule 20(a)(2) based on common transactions and occurrences and questions of law and fact. For example, in *Khara Inc., et al v. The Neman Bros. & Assocs. v. P'ships et al.*, the Court found joinder proper where the defendants offered a substantially identical accused product and same "same exact (fake) brand name." 1:23−cv−01230, Dkt. 24 (March 15, 2023) (Chang, E.).[3] Similarly, *Neman Bros. & Assocs. v. P'ships* permitted joinder based on for

---

[3] Copies of unpublished cases cited in the corresponding memorandum are submitted with this brief.

4937-8363-9301.1

defendants using "the same third-party marketplace platforms" with "listings feature[ing] similar, and in some cases identical, product photos." 2024 U.S. Dist. LEXIS 223383, at *10-11 (N.D. Ill. Dec. 10, 2024) (Tharp, J.).

In the present case, all storefronts have been accused of the same illegal act of selling the same counterfeit ULTIMATE product featuring "same exact (fake) brand name." Moreover, there are common questions of law and fact. By examining the comparison and screenshots attached hereto, the Court can recognize each infringing product includes:

  i. an identical white disc;

  ii. a solid radial band;

  iii. An identical *fake* brand name prominently featuring a counterfeit copy of Plaintiff's ULTIMATE mark along the radial band; and

  iv. the same string of 7 words arranged around the radial band.

*See*, Ex. 1. Further, many of the storefronts feature identical photos. *Id*.; Ex. 2. Thus, at least the relevant infringement evidence is subject to common questions of law and fact. Further, on information and belief, these commonalities suggest the infringing products may derive from a common source if not potential coordination among multiple storefronts.

The Court's minute order [Dkt. 7] referenced a prior order in *Bug Art Limited v. The Partnerships*, where the Court expressed joinder-related concerns over multiple defendant-storefronts. 24 CV 7777, Dkt. 28 (October 8, 2024). In *Bug Art* the plaintiff requested joinder for "197 defendants" accused of infringing **_39_** different copyright registrations. *Id*., 3. The Court also noted "plaintiff's failure to assist it with navigating the 1,000-plus pages of supporting materials." *Id*. The present case involves only 61 storefronts offering an effectively identical product infringing only 1 trademark registration using the same unauthorized branding. *See*. Ex. 1. Further,

4

the chart attached as Ex. 1 conveniently provides a comparison the Court can reference to recognize the clear similarities found in the infringing disk.

### III. Conclusion

For these reasons, Plaintiff respectfully submits that joinder of the defendants is appropriate at this stage of the case.

DATED: December 13, 2024                                   Respectfully submitted,

*/s/ Matthew A. Werber*
Matthew A. Werber (Ill. # 6287658)
mwerber@nixonpeabody.com
Peter Krusiewicz (Ill. # 6342444)
pkrusiewicz@nixonpeabody.com
**NIXON PEABODY LLP**
70 W. Madison St., Suite 5200
Chicago, IL 60602
Tel: (312) 977-4400
Fax: (312) 977-4405

***ATTORNEYS FOR PLAINTIFF***

4937-8363-9301.1

## **CERTIFICATE OF SERVICE**

I, the undersigned attorney, certify that I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system on December 13, 2024.

            */s/ Matthew A. Werber*
            Matthew A. Werber

4937-8363-9301.1